## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### FORT MYERS DIVISION

**Gregg Marcellus Harden**,

Plaintiff,

2:25- CV- 1036- JES-DNF

v.

**Deputy S. Abreu, Badge No. 22137**,

in his individual capacity,

and **Carmine Marceno**,

**in his official capacity as Sheriff of Lee County, Florida**

**Defendants.**

Case No.: [To be assigned]

### COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

COMES NOW, Plaintiff Gregg Marcellus Harden, pro se, and respectfully files

this Complaint for Violation of Civil Rights pursuant to 42 U.S.C. § 1983, against

Deputy S. Abreu, in his individual capacity, and Carmine Marceno, in his official

capacity as Sheriff of Lee County, Florida, and alleges as follows:

1

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### FORT MYERS DIVISION

## I.  Jurisdiction and Venue

1. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

3. Venue is proper under 28 U.S.C. §1391(b) because all events giving rise to this action occurred in Lee County, Florida, which lies within the Fort Myers Division of the Middle District of Florida.

## II.  Parties

4. Plaintiff Gregg Marcellus Harden is a resident of Lee County, Florida.

5. Defendant Deputy S. Abreu (Badge No. 22137) was, at all relevant times, a sworn law enforcement officer employed by the Lee County Sheriff's Office, acting under color of state law. He is sued in his individual capacity only.

6. Defendant Carmine Marceno, in his official capacity as Sheriff of Lee County, is  responsible for the policies, customs, practices, and training of the Lee County Sheriff's Office

2

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

## III.  Facts

7.  On Sunday, November 2, 2025, at approximately 10:06 p.m., Plaintiff was a back-seat passenger in a vehicle driven by other person traveling on South Cleveland Avenue, approximately 324 feet north of Kenwood Lane, in Lee County, Florida.

8.  Plaintiff had a medically documented broken leg, designated non-weight-bearing by his physician.

9.  The vehicle was lawfully operated by another person when Defendant Abreu initiated a traffic stop.

10.  Despite clear evidence that Plaintiff was not driving, Deputy Abreu falsely accused Plaintiff of switching seats with other person..

11.  Body-worn camera footage, if preserved, will confirm that other person remained in the driver's seat throughout the encounter.

12.  Plaintiff informed Deputy Abreu of his leg injury and requested medical assistance. Although Abreu's partner initially offered to summon EMS, no medical unit was called during incident at first location.

13.  Deputy Abreu ordered Plaintiff to walk without any assistance, forcing him to walk on his broken leg.

3

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

14. Abreu later falsely reported that Plaintiff had been "carried," when in fact he had been forced to walk.

15. At a secondary location near Edison Mall, Plaintiff again requested EMS. Deputy Abreu mocked Plaintiff's injury and refused EMS services.

16. Abreu then transported Plaintiff without securing a seatbelt, causing Plaintiff's injured leg to move and sustain further trauma.

17. Subsequent medical imaging confirmed that Plaintiff's ankle had fractured and that the prior leg injury had been aggravated.

18. As a direct result of Defendant Abreu's actions, Plaintiff continues to suffer swelling, pain, and loss of mobility.

19. On information and belief, the Lee County Sheriff's Office maintains policies, customs, and practices that fail to train deputies in:

    a. Recognizing and accommodating apparent disabilities;

    b. Providing necessary medical attention to injured persons in custody;

    c. Ensuring truthful and accurate reporting of arrest circumstances.

4

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## FORT MYERS DIVISION

**IV.   Clearly Established Law**

20.  At the time of the incident, it was clearly established that:

**a.** Under the Fourth Amendment, officers may not use unreasonable force against an arrestee, including needlessly inflicting pain on an injured person or forcing a non-ambulatory individual to walk. (See Graham v. Connor, 490 U.S. 386 (1989)).

**b.** Officers violate the Fourteenth Amendment's Due Process Clause when they act with deliberate indifference to a known serious medical need of a person in their custody. (See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983)).

**c.** Municipalities are liable under Monell v. Department of Social Services, 436 U.S. 658 (1978), when injury results from an official policy, widespread custom, or failure to train amounting to deliberate indifference to constitutional rights.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

## V.  Claims for Relief

## Count I — Excessive Force & Deliberate Indifference
## (42 U.S.C. § 1983 — Deputy S. Abreu, Individual Capacity)

### A. Issue / Elements:

21.  Plaintiff asserts that Defendant Abreu deprived him of his constitutional rights under the Fourth Amendment (excessive force) and the Fourteenth Amendment (deliberate indifference to serious medical needs).

To establish a claim under 42 U.S.C. § 1983, Plaintiff must show:

1. He was deprived of a constitutional right;

2. Defendant acted under color of state law;

3. Defendant's conduct caused the deprivation; and

4. Plaintiff suffered actual harm.

### B. Rule:

22.  Graham v. Connor, 490 U.S. 386 (1989):

Officers may not use objectively unreasonable force.

6

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

23. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239 (1983): Deliberate indifference to serious medical needs violates the Fourteenth Amendment.

## C. Application of Facts:

24. Defendant Abreu was a sworn law enforcement officer acting under color of state law. (¶5)

25. Plaintiff had a medically documented broken leg. (¶8)

26. Defendant Abreu forced Plaintiff walk without assistance, mocked his injury, refused repeated requests for medical care, and transported him without proper restraint. (¶12–16)

27. Plaintiff's leg injury was aggravated and continues to cause pain, swelling, and loss of mobility. (¶17–18)

## D. Conclusion:

28. Defendant Abreu's actions satisfy all elements of a §1983 claim for excessive force and deliberate indifference. Plaintiff suffered physical and emotional harm directly caused by Defendant Abreu.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## FORT MYERS DIVISION

29. Plaintiff requests:

1. Compensatory damages for physical and emotional harm;

2. Punitive damages against Defendant Abreu;

3. Any other relief the Court deems just and proper.

## Count II — Monell Liability

(42 U.S.C. §1983 — Sheriff of Lee County, Official Capacity)

### A. Issue / Elements:

30. Plaintiff asserts that the Lee County Sheriff's Office is liable under §1983 for policies, customs, or failures to train that caused a constitutional violation. To establish Monell liability, Plaintiff must show:

1. A constitutional violation occurred;

2. The violation was caused by a municipal policy, custom, or failure to train;

3. Policymakers were deliberately indifferent to Plaintiff's rights; and

4. The policy, custom, or failure to train was the moving force behind the harm.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## FORT MYERS DIVISION

**B. Rule:**

31.   Monell v. Dep't of Social Servs., 436 U.S. 658 (1978):

Municipalities may be liable under §1983 when their official policies or

customs cause constitutional violations.

**C. Application of Facts:**

32.   The Lee County Sheriff's Office maintained policies, customs, and

practices that failed to train deputies in recognizing and

accommodating disabilities, providing necessary medical attention, and

ensuring accurate reporting of incidents. (¶19a–c)

33.   These deficiencies persisted despite the obvious risk that deputies would

violate constitutional rights. (¶19a–c)

34.   As a direct result, Plaintiff was forced to walk on a broken leg,

denied medical care, mocked, and transported unsafely. (¶13–16)

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

## D. Conclusion:

**35.** The Sheriff's Office's policies, customs, and failure to train were the moving force behind the constitutional violations, satisfying Monell liability.

**36.** Plaintiff requests:

1. Declaratory relief that the policies/customs are unconstitutional;

2. Compensatory damages;

3. Attorney's fees under 42 U.S.C. §1988;

4. Any other relief the Court deems proper.

## Count III — Americans with Disabilities Act

## (42 U.S.C. § 12132 — (Sheriff of Lee County, Official Capacity)

### A. Issue / Elements:

**37.** Plaintiff asserts that Defendant violated Title II of the ADA. To establish a claim, Plaintiff must show:

1. He is a qualified individual with a disability;

2. He was excluded from participation or denied benefits/services due to the disability; and

3. Defendant is a public entity covered under the ADA.

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

## FORT MYERS DIVISION

**B. Rule:**

38.   42 U.S.C. § 12132: Public entities may not discriminate against qualified individuals with disabilities in their programs, services, or activities.

**C. Application of Facts:**

39.   Plaintiff has a medically documented mobility impairment. (¶8)

40.   Plaintiff requested reasonable accommodations and medical assistance, which were denied; Defendant Abreu mocked Plaintiff's injury. (¶12–16)

41.   The Lee County Sheriff's Office is a public entity providing law enforcement services. (¶6, ¶19a–c)

**D. Conclusion:**

42.   Plaintiff was denied benefits and reasonable accommodations because of his disability, satisfying all elements of an ADA Title II claim.

43.   Plaintiff requests:

1.   Injunctive relief to ensure reasonable accommodations;

2.   Compensatory damages;

3.   Any other relief deemed just and proper.

11

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**Count IV — Negligence & Willful Misconduct**

(Fla. Stat. § 768.28 — Deputy Abreu & Sheriff of Lee County)

### A. Issue / Elements:

44. Plaintiff asserts that Defendants were negligent in handling his injury.

To establish negligence, Plaintiff must show:

1. Defendant owed a duty of care;

2. Defendant breached that duty;

3. The breach caused injury; and

4. Plaintiff suffered damages.

### B. Rule:

45. Fla. Stat. § 768.28: Public employees may be liable for torts committed outside the scope of immunity, including acts of negligence and willful misconduct.

12

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

## C. Application of Facts:

46. Defendant Abreu owed Plaintiff a duty to exercise reasonable care given his known mobility impairment. (¶8, ¶13)

47. Defendant breached that duty by forcing Plaintiff to walk, denying medical assistance, and transporting him unsafely. (¶13–16)

48. Plaintiff's leg injury was aggravated as confirmed by medical imaging. (¶17)

49. Plaintiff suffered pain, swelling, aggravated injury, and emotional distress. (¶17–18)

## D. Conclusion:

50. Defendants' actions satisfy all elements of negligence and willful misconduct under Florida law.

51. Plaintiff requests:

　　1. Compensatory damages for medical expenses, pain, and suffering;

　　2. Punitive damages if applicable;

　　3. Any other relief the Court deems proper.

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF FLORIDA**

**FORT MYERS DIVISION**

## VI.  Damages

52.  As reflected in the relief requested within each Count,
Plaintiff seeks the following:

**a.** Against Deputy S. Abreu (Individual Capacity): Compensatory
damages for physical and emotional harm, and punitive damages for willful
misconduct and reckless disregard of Plaintiff's constitutional rights.

**b.** Against Sheriff Carmine Marceno (Official Capacity —
Monell Liability): Declaratory relief that the Sheriff's Office policies,
customs, and training failures were unconstitutional; compensatory
damages; and reasonable attorney's fees and costs under 42 U.S.C. § 1988.

**c.** Under the Americans with Disabilities Act (Title II): Injunctive relief
requiring the Sheriff's Office to adopt and enforce policies ensuring
reasonable accommodations for persons with mobility impairments; and
compensatory damages for discrimination and denial of medical access.

14

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**d.** Under Florida Negligence and Willful Misconduct Law (Fla. Stat. § 768.28): Compensatory damages for medical expenses, pain, and suffering, and punitive damages as permitted by law.

**e.** General Relief: Such other and further relief as the Court deems just and proper.

## VII.   Jury Demand

52.   Plaintiff demands trial by jury on all issues so triable.

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

## VIII.  Prayer for Relief

53.  WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against Defendants, awarding compensatory and punitive damages, attorney's fees, and all other just relief.

Respectfully submitted,

/ S /

Gregg Marcellus Harden, Pro Se Plaintiff

1121 W. Price Blvd, Unit No. 2001

North Port, Florida 34288

Phone: (941) 586-8854

Email: ummahservices1@gmail.com

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF FLORIDA

# FORT MYERS DIVISION

**IX.  CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of November 2025,

I filed the foregoing Complaint for Violation of Civil Rights with the Clerk of

Court for the United States District Court, Middle District of Florida, Fort Myers

Division. I further certify that service will be effected by the U.S. Marshals Service

upon each Defendant after issuance of summons, pursuant to Federal Rule of Civil

Procedure 4(c)(3).

Respectfully submitted,

Gregg Marcellus Harden, Pro Se Plaintiff

1121 W. Price Blvd, Unit No. 2001

North Port, Florida 34288

Email: ummahservices1@gmail.com

Phone: (941) 586-8854

17